LON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.*
Petitioner, Serena E. Pollack, an attorney licensed to practice law in the States of Wisconsin and Illinois, successfully passed the essay portion of the Louisiana Bar Examination. However, the Committee on Bar Admissions (“Committee”) declined to certify petitioner for admission to the Bar, on the ground that she engaged in the unauthorized practice of law by enrolling pro hac vice in several pending cases without complying with the provisions of Supreme Court Rule XVII, § 13.
On petitioner’s application, we appointed a commissioner to take evidence and report to this court whether she possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing, pursuant to Supreme Court Rule XVII, § 9(D)(6). The commissioner received documentary evidence and heard testimony from petitioner on a variety of issues in addition to the pro hac vice matters, including petitioner’s 2006 bankruptcy filing and other related financial issues. At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be conditionally admitted to the practice |2of law. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).
After hearing oral argument, reviewing the evidence, and considering the law, we conclude petitioner is eligible to be admitted to the practice of law in Louisiana, subject to the following conditions:
1. The term of this conditional admission shall be for two years from the date of admission.
2. During the period of this conditional admission, petitioner shall timely repay her student loan in accordance with her agreement with her student loan creditor.
3. During the period of this conditional admission, petitioner shall complete 200 hours of community service assisting agencies which provide legal service to indigents.
4. In addition to her ordinary mandatory continuing legal education requirements, petitioner shall complete an additional 12.5 hours of continuing legal education for each year of her probationary period.
5. Petitioner shall cooperate with the Office of Disciplinary Counsel, and shall comply with any and all requirements imposed upon her by the Office of Disciplinary Counsel.
*867 6. Within thirty days of petitioner’s admission, she shall enter into a formal plan with the Office of Disciplinary Counsel incorporating the foregoing conditions.
7. Within thirty days prior to the expiration of the conditional admission, the Office of Disciplinary Counsel shall file a report in this court in which it shall recommend to the court that the conditional admission be allowed to terminate or be extended.
|sShould petitioner fail to make a good faith effort to satisfy these conditions, or should she commit any misconduct during the period of probation, her conditional right to practice may be terminated or she may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement.
CONDITIONAL ADMISSION GRANTED.

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice Pro Tem-pore, participating in the decision.